IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN PAUL THOMAS,            )        CASE NO.  4:14 CR 26
                                )                 (4:15 CV 1054)
        Petitioner,             )
                                )
v.                              )        JUDGE DONALD C. NUGENT
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )        MEMORANDUM OPINION


        This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Docket #25 in Case No.

4:14 CR 26.)  For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural Background

        On January 15, 2014, an Indictment was filed against Petitioner that charged him with

two counts of knowingly and unlawfully possessing firearms that are destructive devices, in

violation of 26 U.S.C. § 5845(a)(8) and 26 U.S.C (f)(1)(A).  (Docket #1.)  Petitioner possessed

several pipe bombs, as defined in 26 U.S.C 5845(f)(1)(A), none of which were registered to him

in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26,

United States Code.  Petitioner's possession of the pipe bombs violated 26 U.S.C §§ 5841,

5861(d), 5871.  Specifically, Count One of the Indictment addressed Petitioner's November 21,

2013 transfer of a pipe bomb to an undercover ATF agent.  Count Two of the Indictment

addressed Petitioner's December 4, 2013 possession of three pipe bombs buried in his yard.

On January 17, 2014, Petitioner, through counsel, entered a plea of not guilty to both Counts of the Indictment.  On February 18, 2014, Petitioner pled guilty to both Counts and executed a Plea Agreement.  The written Plea Agreement was read into the record and signed by Petitioner.  (Docket #13.)  Petitioner's Plea Agreement contained the following Waiver of Appeal and Post-Conviction Attack Rights, which reads:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstance, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. 2255.  Defendant expressly and voluntarily waives those rights, except as specifically reserved below.  Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement; (c) the Court's determination of Defendant's Criminal History Category.  Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct. (Docket #19)

(Plea Agreement at ¶ 14).

On May 14, 2014, Petitioner was sentenced by this Court to 48 months imprisonment on Counts One and Two of the Indictment, to run concurrently; three years supervised release; and, a special assessment of $200.00.  Judgment was docketed May 20, 2014.

Petitioner did not appeal his conviction.  On May 26, 2015, Petitioner filed his Section 2255 Motion with this Court.  Petitioner sets forth six separate Grounds for Relief attacking his conviction for ineffective assistance of counsel:

| Ground One: | Ineffective Assistance of Counsel due to Defense Counsel's failure to understand the law in relation to the facts and to raise the affirmative defense of qualified immunity as movant was conducting a valid law enforcement undercover investigation |
|---|---|
| Ground Two: | Ineffective Assistance of Counsel due to Defense Counsel's advice for Movant to plea guilty without informing Movant of the viable |

|                 | affirmative defense of qualified official immunity resulting in a valid actual innocence defense |
|-----------------|--------------------------------------------------------------------------------------------------|
| Ground Three:   | Ineffective Assistance of Counsel due to Defense Counsel's failure to object to the Magistrate Judge exceeding his statutory and jurisdictional authority by accepting Movant's felony guilty plea |
| Ground Four:    | Ineffective Assistance of Counsel due to Defense Counsel's failure to object to the violation of Movant's Fifth Amendment rights as there was no Indictment returned in open court as required resulting in lack of subject matter jurisdiction |
| Ground Five:    | Ineffective Assistance of Counsel due to Defense Counsel's failure to object to Count(s) 1 and 2 of the Indictment which fail to allege a valid violation of federal law effectively removing subject matter jurisdiction |
| Ground Six:     | Ineffective Assistance of Counsel due to breakdown of Attorney/Client relationship resulting in an inherent conflict of interest in violation of Movant's Sixth Amendment rights – Defense Counsel failed to file any objections to the prosecutions (sic) sentencing recommendations |

On June 12, 2015, the Government filed its Response to Petitioner's Motion.  (Docket #26.).  The Government argues that the Petitioner has failed to demonstrate that Counsel's performance was deficient.  Regarding Petitioner's First and Second Grounds for Relief, the Government argues that the qualified immunity defense would not apply in Petitioner's case because it only "protects government officials from liability for *civil* damages."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation omitted).  The Government also argues that, even if Petitioner were entitled to the "qualified immunity defense," Petitioner has failed to demonstrate sufficient facts to support his claim that he was acting within the scope of his employment as a law enforcement officer.

Regarding Petitioner's Third Ground for Relief, the Government notes that Petitioner expressly consented to having a Magistrate Judge receive his plea, and that Magistrate Judges

may accept guilty pleas in felony cases with the consent of the defendant.  United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir. 1996).

In response to Petitioner's Fourth Ground for Relief, the Government states that because Petitioner was represented by counsel at every hearing; never claimed to be ignorant of the offense charged; and, waived a reading of the Indictment against him, he cannot now successfully argue that the performance of Counsel as deficient or ineffective as a result of Counsel's waiver of a reading of the Indictment.

With regard to Petitioner's Fifth Ground for Relief, the Government asserts that the Indictment - which echoed the language of the statute Petitioner was charged with violating - fairly informed Petitioner of the charges against him and therefore, that Counsel's failure to object to the sufficiency of the Indictment did not render his performance deficient.

Finally, in response to Petitioner's Sixth Ground for Relief, the Government states that there is no "law enforcement exemption" applicable to Petitioner's charges, and that Counsel's failure to raise this objection to the Government's sentencing recommendations does not constitute deficient performance.

On July 10, 2015, Petitioner filed his Reply Brief.  (Docket #27.)   Petitioner asserts that Counsel fundamentally misunderstood and misapplied the law to the facts of his case and that Counsel failed to assert and explore every affirmative defense available.  Petitioner also claims that he was prejudiced by Counsel's failure to electronically file any documents to the Court on his behalf.

4

### Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion; the Response filed by the Government; and, Petitioner's Reply Brief. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions taken by Counsel would have changed the outcome in this case. Petitioner was advised, during his change of plea hearing, of the nature of the charges against him, the elements of those charges, the rights he waived, and the possible sentences he faced. Accordingly, Petitioner cannot justifiably assert his claims of ineffective assistance of counsel.

Petitioner asserts that his Counsel rendered ineffective assistance of counsel when Counsel failed to: raise the affirmative "qualified immunity defense" for government officials, object to the Magistrate Judge accepting Petitioner's Plea, object to the Indictment not being read in open court, object to the sufficiency of the Indictment, and file objections to the Government's sentencing recommendations.

First, the "qualified immunity defense" Petitioner asserts in Grounds for Relief One and Two does not apply to criminal cases. Counsel's failure to raise an inapplicable defense cannot be evidence of deficient performance or ineffective assistance of counsel. Second, Petitioner expressly consented to having a Magistrate Judge receive his plea. Magistrate Judge's may accept guilty pleas in felony cases with the consent of the defendant. Third, Counsel's waiver of

6

a reading of the Indictment does not constitute error, as Petitioner was represented by counsel and never claimed to be ignorant of the offenses with which he was charged. Fourth, the Indictment quoted the statute Petitioner was charged with violating and "contain[ed] the elements of the offense[s] charged and fairly inform[ed] [him] of the charge[s]..." United States v. Anderson, 605 F.3d 404, 411 (6th Cir. 2010) (citations omitted). Thus, Counsel was not deficient in his performance by failing to object to the sufficiency of such an Indictment. Finally, there is no "law enforcement exemption" that would apply to the charges to which Petitioner pled guilty. Counsel was not deficient in his performance by failing to raise a meritless objection to the Government's sentencing recommendation.

Based on the foregoing, Petitioner is not entitled to the relief sought.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

7

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack, 529 U.S. at 484.

For the reasons stated above, the Court concludes that no reasonable jurist would find the assessment of Petitioner's Constitutional claims to be debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255   (Docket #25 in Case No. 4:14 CR 26) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

8

_____
DONALD C. NUGENT
United States District Court Judge

DATED: _____